UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DANIEL CARR, d/b/a CORE HEALING THERAPY, LLC, | : : | |
| Plaintiff, | : : | |
| v. | : : | C.A. No. 23-495WES |
| BLISH & CAVANAGH, LLP, et al. | : : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. § 1915(e)**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Before the Court is the *pro se* motion of Plaintiff Daniel Carr, a Massachusetts citizen, to proceed *in forma pauperis* ("IFP").[1] ECF No. 2. Plaintiff's application suggests that he has income and resources making it impossible to ascertain without further clarification whether he faces financial circumstances so as to qualify for IFP status. See Diane K. v. Kijakazi, C.A. No. 22-215WES, 2022 WL 2713377, at *1-2 (D.R.I. July 13, 2022). However, his IFP application imposes on the Court the *sua sponte* duty to review his Complaint under 28 U.S.C. § 1915(e)(2)(B) and to dismiss it if it "fails to state a claim on which relief may be granted" or is "frivolous or malicious." Having reviewed the Complaint carefully and for the reasons set forth below, I recommend that it be summarily dismissed because this Court lacks subject matter jurisdiction and because proceeding would transgress federal court abstention principles.

**I.      Background**

---

[1] Plaintiff alleges that he brings this action for himself "d/b/a Core Healing Therapy, LLC." It is unclear whether he purports to represent his business. If he does, it would be the second time since September 1, 2023. In Carr v. Barton Gilman, LLP, C.A. No. 23-00369-WES, 2023 WL 5929771, at *1 (D.R.I. Sept. 12, 2023), Plaintiff's *pro se* claim brought on behalf Core Healing Therapy, LLC, was dismissed at screening because a *pro se* may not represent another party. In light of my recommendation to dismiss this case based on lack of subject matter jurisdiction and federal court abstention principles, there is no need to address this issue in this case.

Invoking the Court's diversity jurisdiction, Plaintiff purports to sue a Rhode Island law firm (Blish & Cavanagh, LLP), a Massachusetts health care provider (Southcoast Physicians Group/Highland Pediatrics), a Massachusetts citizen (his estranged/former spouse, Rakhi Carr) and her Massachusetts attorney (Nancy Stanton Cross).  All of the claims are based on Plaintiff's dissatisfaction with orders issued by the Massachusetts Family and Probate Court and the Massachusetts Court of Appeals pertaining to divorce/child custody proceedings.  The only Rhode Island-based defendant – Blish & Cavanagh, LLP – is accused of writing a letter to Plaintiff in Massachusetts telling him that its Massachusetts client (Highland Pediatrics) will abide by such an order (banning Plaintiff from access to medical records located in Massachusetts pertaining to his child) and barring him from its premises.  ECF No. 1 at 4, 6.  As far as the Court can ascertain, the Massachusetts family court proceedings are ongoing.  The Complaint cites 31 U.S.C. § 3729 (False Claims Act) but contains no facts that purport to meet the elements of a potentially viable *qui tam* claim.

## II.  Analysis and Recommendation

This case should be summarily dismissed because the Court lacks subject matter jurisdiction.  The purported basis for jurisdiction (diversity) is absent in that Plaintiff and three of the four named defendants are citizens of Massachusetts.  See 28 U.S.C. § 1332(a).  Further, having liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant, Avelin v. Ray, C.A. No. 20-00457-WES, 2020 WL 6487814, at *1 (D.R.I. Nov. 4, 2020), adopted sub nom. Avelin v. Roy, 2021 WL 291207 (D.R.I. Jan. 28, 2021), even if diversity was present, these claims are subject to dismissal pursuant to the domestic relations exception.  See Avelin, 2020 WL 6487814, at *2; Behroozi v. Behroozi, C.A. No. 15-00536-WES, 2016 WL 8461181, at *2 (D.R.I. Nov. 22, 2016), adopted, 2017 WL 933059 (D.R.I. Mar.

8, 2017).  As the First Circuit held in Irish v. Irish, the domestic relations exception is "in line with the traditional reluctance of federal courts to sanction federal interference with matters thought to be distinctively local," and is based on the long-settled notion that it "is certain that the Constitution . . . confers no power whatever upon the government of the United States to regulate marriage in the States or its dissolution."  842 F.3d 736, 740 (1st Cir. 2016) (internal quotation marks and citation omitted).  Federal courts are barred from handling state law claims concerning divorce and child custody matters under the domestic relations exception to federal diversity jurisdiction.  Behroozi, 2017 WL 933059 at *1.  Further, federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331 is also lacking because, as to the only federal statute mentioned, the False Claims Act, the pleading is utterly lacking in any plausible facts to support such a *qui tam* action.

This case also does not survive screening because it is improper for this Court to interfere with any judicial proceedings that may be underway in the Massachusetts family court.  See Younger v. Harris, 401 U.S. 37, 43-45 (1971); Avelin, 2020 WL 6487814, at *2.  Assuming Plaintiff's Massachusetts divorce/child custody proceeding remains pending, the Younger abstention doctrine dictates a "strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances."  Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982).  And if it is now concluded, Plaintiff's Complaint would be an improper attempt to have this Court review and overturn rulings made by that court, which is barred in federal court by the Rooker-Feldman abstention doctrine.  See Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (holding that the Rooker-Feldman doctrine bars federal courts from entertaining "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the

3

district court proceedings commenced and inviting district court review and rejection of those judgments"); Edwards v. Ill. Bd. of Admissions, 261 F.3d 723, 728 (7th Cir. 2001) ("[F]ederal courts do not have subject matter jurisdiction to review state court civil decisions. Plaintiffs must instead seek review through the state court system and, if necessary, petition the United States Supreme Court for a writ of certiorari.").

Based on the Court's lack of subject matter jurisdiction, as well as the Younger/Rooker-Feldman doctrines, I recommend that this case be summarily dismissed.

### III. Conclusion

Based on the foregoing, I recommend that this case be summarily dismissed and that Plaintiff's IFP Motion (ECF No. 2) be denied as moot. Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation. See Fed. R. Civ. P. 72(b); DRI LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 13, 2023